UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE UNITED WELFARE FUND and
TRUSTEES thereof,

                Petitioners,                    **MEMORANDUM AND ORDER**
                                                                    13 CV 25 (DRH) (ETB)
        - against -

AMED, INC. doing business as ATLANTIC
MEDICAL SYSTEMS,

                Respondent.
-----------------------------------------------------------X

**APPEARANCES:**

**LAW OFFICES OF RICHARD M. GREENSPAN, P.C.**
Attorneys for Petitioners
220 Heatherdell Road
Ardsley, New York 10502
By:    Gary Rothman, Esq.
        Matthew P. Rocco, Esq.

**Defendant Amed, Inc. doing business as Atlantic Medical Systems – No appearance**

**HURLEY, Senior District Judge:**

        Petitioners United Welfare Fund (the "Fund") and the Trustees thereof (collectively, "petitioners") commenced this action by filing a petition (the "Petition") seeking to confirm a labor arbitration award dated December 21, 2012 (the "Award") against respondent Amed, Inc. doing business as Atlantic Medical Systems ("Amed" or "respondent"). Presently before the Court is (1) petitioners' motion for default judgment, and (2) a motion made on behalf of respondent by Paul Paesano, as President of Amed, to vacate the Clerk's Entry of Default and file an Answer. For the reasons set forth below, petitioners' motion is granted, and Paesano's application is denied.

        Petitioners served respondent with the summons and Petition on January 16, 2013 by

delivering a copy thereof to Paesano, who specifically stated he was authorized to accept service on behalf of the respondent corporate entity. Petitioners filed proof of service on January 31, 2013. Respondent failed to answer, appear, or otherwise move. Accordingly, on February 11, 2013, petitioners filed a motion seeking a Clerk's Entry of Default, which was entered the same day.

I.    *Paesano's Motion to Vacate the Clerk's Entry of Default Against Amed*

Petitioners' motion for default judgment was filed on February 20, 2013. On February 27, 2013, Paesano filed a letter that apologized to the Court for Amed's failure to timely file an Answer to the Petition, and further stated:

> I am trying to save my company of 25 years which is currently in financial distress and lost track of the deadline. I am unable to afford an attorney as of this date. I respectfully ask that you allow my answer at this time, which is attached, and not issue a default judgment.

(Docket No. 8.) The letter is signed by Paesano as President of Amend.

The Second Circuit has made clear that "a corporation is not allowed to appear in federal court except by a licensed attorney," and "a non-attorney is not allowed, in federal court, to represent anyone other than himself." *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011). Where, as here, a motion is made by a non-attorney on behalf of a corporate defendant who is not represented by counsel, the Court may not consider that motion. *See Batac Dev. Corp. v. B&R Consultants Inc.*, 2000 WL 307400, at *2 (S.D.N.Y. Mar. 23, 2000) (finding that because the corporate plaintiff's motion "was made not by counsel but by a layperson who cannot legally represent the plaintiff, [the court] must disregard it as a nullity") (collecting cases); *US JVC Corp. v. Caribbean Wholesales & Serv. Corp.*, 1993 WL 307803, at

2

*1 (S.D.N.Y. Aug. 10, 1993) (finding that corporate defendant was "precluded from proceeding *pro se*" and, as such, defendant's motion to dismiss "cannot be considered by the Court as a proper response to the Complaint under Rule 12").

Accordingly, Paesano's motion, made on behalf of Amed, to vacate the Clerk's Entry of Default and to file an Answer is denied.

## II.     *Petitioners' Motion for Default Judgment is Granted*

In light of respondent's default, the Court "is required to accept all of the [petitioners'] factual allegations as true and draw all reasonable inferences in [their] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).  Here, petitioners allege that the applicable collective bargaining agreement ("CBA") required respondent to make monthly contribution payments to the Fund on behalf of certain employees.  (Pet. ¶ 5 & Ex. B.)  The CBA also provided for mandatory and binding arbitration of any disputes that arose with respect to the interpretation and application of the CBA's provisions.  (Pet. ¶ 6.)  After respondent failed to make contribution payments to the Fund as required by the CBA, petitioners commenced an arbitration action against respondent.  (*Id.* ¶¶ 7, 9-11.)  Following a hearing, at which Paesano appeared on behalf of the respondent, the arbitrator issued the Award on December 21, 2012.  (*Id.* ¶ 12 & Ex. A.)  In the Award, the arbitrator determined that respondent owed petitioners a total of $8.568.15, which amount included the following components: $7,027.00 in principal, $541.15 in interest, and $1,000 in arbitration fees.  (Pet. ¶ 13 & Ex. A at 4.)  Petitioners allege that respondent has failed to make any of the payments required by the Award.  (Pet. ¶ 15.)  Petitioners further allege that the Award "has not been vacated by order of any court of competent jurisdiction and is still in full force and

3

effect." (*Id.* ¶ 16.)

In connection with its motion for default judgment, petitioners seek a sum certain and have submitted supporting documentation showing the amount due.  A detailed damages calculation is therefore not necessary.  *See United States v. Gellerstein*, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011) (citing Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for the amount and costs against a defendant who has been defaulted . . . and is neither a minor nor an incompetent person.")).

The Award, submitted in connection with petitioners' motion, reflects that respondent is indebted to petitioners in the amount of $8,568.15.  (Pet., Ex. A at 4.)  Petitioners are also awarded $350 in filing fees.[1]  Petitioners' request for $60 for the cost of serving the summons and Petition is denied, however, given that petitioners have failed to provide any substantiating documentation for the requested amount.

---

[1] Although petitioners have not submitted any documentation supporting this requested amount, the docket reflects that petitioners did, in fact, pay a $350 filing fee when they commenced this action.

Accordingly, the Clerk of Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $8,918.15, together with post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961. Upon entry of judgment, the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
       March 18, 2013                                          /s/
                                                        Denis R. Hurley
                                                        Unites States District Judge